Case 5:25-cv-00168   Document 22   Filed on 11/04/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| SEDAT ALKIS | § |
| | § |
| VS. | § CIVIL ACTION NO. 5:25-cv-168 |
| | § |
| IMMIGRATION AND CUSTOMS | § |
| ENFORCEMENT HARLINGEN FIELD | § |
| OFFICE IMMIGRATION AND | § |
| CUSTOMS | § |
| ENFORCEMENT *et al.* | § |

**ORDER**

Before the Court is Petitioner Sedat Alkis's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 18).[1] For the reasons below, Petitioner's Amended Petition for Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 18).

I.   **BACKGROUND**

Petitioner, a Turkish citizen, has resided in the United States since February 2023 (Dkt. No. 18 at 5, ¶ 14; 10, ¶ 33). On September 15, 2025, Petitioner encountered an immigration check point and immigration officers detained him (Dkt. No. 18 at 11, ¶ 34). At present, Petitioner is alleged to be in ICE's custody at the Rio Grande Processing Center (Dkt. No. 18 at 11, ¶ 34). He filed a motion for a bond redetermination, although he alleges the Board of Immigration Appeals ("BIA")

---

[1] The Amended Petition names Harlingen Field Office of Immigration and Customs Enforcement and Removal Operations Division, Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, the Executive Office for Immigration Review, and Warden David Cole, as respondents in this action. But Warden Cole, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

1

decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), requires the Immigration Judge ("IJ") to deny him a bond hearing (Dkt. No. 18 at 12, ¶ 38; 2–3, ¶¶ 4–5). 29 I&N Dec. at 221.

On October 7, 2025, Petitioner filed his petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and the IJ's denial violates § 1226(a) (Dkt. No. 1 at 13–19). The Court then ordered Respondents to respond to both Petitioner's petition and his motion for a temporary restraining order (Dkt. No. 9 at 2–3). On October 23, 2025, Petitioner filed his amended petition adding Respondent David Cole as a party (Dkt. No. 18 at 7, ¶ 20). That same day, Respondents jointly filed their response (Dkt. No. 20). Although the Court provided time for Petitioner to file a reply following Respondents' submission, none was received. Based on recent developments and the parties' filings, the Court will resolve the Petition without a hearing.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

This case aligns with an influx of recent habeas petitions challenging the federal government's detention authority during the pendency of removal proceedings under § 1225(b). *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases). At issue in these cases are two statutes in the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1225 and 1226.

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended.

*See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Respondents nonetheless principally argue *Jennings* stands for the proposition that section 1225(b) applies here (Dkt. No. 20 at 10–13). Specifically, Respondents classify Petitioner as an applicant for admission—whom, they assert, is equivalent to an alien seeking admission per *Jennings* (Dkt. No. 20 at 11–13) ("The Court therefore considered aliens seeking admission/entry and applicants for admission to be virtually indistinguishable; it did not consider them to be merely a subcategory of applicants for admission.").[2] Respectfully, the Court cannot discern how this argument bolsters Respondent's position.

In *Jennings*, the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondent's characterization of the statutory language at play. 583 U.S. at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for years, as an alien seeking admission both at the time he entered and now (Dkt. No. 18 at 10, ¶ 33). If the Court were to adopt Respondent's position, that would effectively render § 1226(a) useless and run afoul of *Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW),

---

[2] They also claim Petitioner's status as an alien present without admission or parole subjects him to removal proceedings under 8 U.S.C. § 1229a, and thus, mandatory detention (Dkt. No. 20 at 7–8, 11). The Court does not make much of this argument, as *Jennings* does not say this, and Respondents did not point to any authority that does.

2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025).

Moreover, many courts have grappled with this issue in the preceding months, including the Southern District of Texas. For example, United States District Senior Judge Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez*, 2025 WL 2886346, at *3. Of course, this Court is not bound by Judge Rosenthal's decision.[3] *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Based on the abundance of cases that have already addressed these arguments and the Government's apparent timid approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the

---

[3] Curiously, in a hearing before United States District Judge John A. Kazen, the Government declined to defend its position on this issue, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39).

5

abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[4] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3. Finally, the Court finds it appropriate to allow the Government time to provide Petitioner with a bond hearing. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ---, 2025 WL 2691828, at *13 (W.D. Tex. Sep. 22, 2025).

## IV.  CONCLUSION

Petitioner's Amended Writ of Habeas Corpus (Dkt. No. 18) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under § 1226(a) by **November 18, 2025**. To the extent the Petition seeks Petitioner's release, it is **DENIED** at this time.

Petitioner's Motion for Temporary Restraining Order (Dkt. No. 6) is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** November 4, 2025.

                                          Marina Garcia Marmolejo
                                          United States District Judge

---

[4] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).